UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND
*Civil Division*

| | |
|---|---|
| PARADISE POINT, LLC, et al<br><br>Plaintiffs<br><br>v.<br><br>PRINCE GEORGE'S COUNTY, MARYLAND, et al.<br><br>Defendants. | Case No. 8:19-cv-01035-PJM |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, Paradise Point, LLC ("Plaintiff"), by and and through their undersigned attorneys Lucas I. Dansie, Esq., and Dansie & Dansie, LLP and in support of their Motion for Summary Judgment state as follows:

1. Pursuant to Federal Rule of Civil Procedure 56(c), Plaintiffs are entitled to summary judgment.

2. The grounds and authorities in support of Plaintiffs' Summary Judgment are set forth in the accompanying Memorandum in Support, which is incorporated as if fully set forth herein.

**WHEREFORE**, Plaintiff, Paradise Point, LLC, respectfully requests that this Honorable Court:

A. Enter an Order granting Plaintiffs' Motion for Summary Judgment; and

  B.  Grant any such further relief as this Court deems appropriate for this matter.

                Respectfully submitted,

                ___/s/ Lucas I. Dansie_____
                Lucas I. Dansie, Esq. #00543
                406 Fifth Street, NW
                Washington, DC 20001
                (202) 783-1597
                Facsimile (202) 315-2513
                lucas@dansielaw.com
                *Attorneys for Plaintiff Paradise Point, LLC*

## Certificate of Service

I hereby certify that on January 28, 2020, a copy of the foregoing was served on the following parties by way of the Court e-filing.

Prince George's County, Maryland

Attorney General for the State of Maryland

                  _/s/ Lucas I. Dansie___
                 Lucas I. Dansie, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND
*Civil Division*

| | |
|---|---|
| PARADISE POINT, LLC, et al<br><br>Plaintiffs<br><br>v.<br><br>PRINCE GEORGE'S COUNTY, MARYLAND, et al.<br><br>Defendants. | Case No. 8:19-cv-01035-PJM |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT

Plaintiff Paradise Point, LLC, by and through their undersigned attorneys, hereby submits the instant Memorandum in Support of Motion Summary Judgment.

**A. INTRODUCTION**

The instant cases concern the Maryland state legislature's enactment of a statutory scheme that discriminates against non-residents of Prince George's County.  The discrimination in this matter is not subtle or only apparent in the enforcement of the statute.  The facial language of the statute specifically states that non-residents of Prince George's County are not eligible to participate – to any degree - in the business opportunity at hand.

The statute at issue is MD Tax-Property §14-817, entitled *sale procedures; public auction*.  This statute contains the procedures by which the counties of Maryland (and Baltimore City) shall offer for sale to the general public tax sale certificates for delinquent real property

taxes. Subsection (d) of the statute is dedicated to Prince George's County. This subsection lays out the eligibility and procedures for a tax sale auction that is unique to Prince George's County. This statute allows Prince George's County to hold a "limited auction" prior to the main public auction (hereafter "Limited Auction"). The Limited Auction is only open to certain categories of individuals, which generally includes citizens of Prince George's County, those employed by the federal government or a branch of the Prince George's County government, or honorably discharged veterans.

As will be explained below, the Limited Auction is facially discriminatory against non-residents of Prince George's County in violation of the privileges and immunities clause of the Fourteenth Amendment. By limiting the Limited Auction to Prince George's County residents and those employed by Prince George's County, the statute precludes non-residents from participating in a business offering without substantial reason or justification. The Plaintiff requests that this Honorable Court issue an order declaring the Limited Auction unconstitutional.

B. **STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. Plaintiff Paradise Point, LLC is a duly registered Maryland limited liability company that is domiciled in Montgomery County and owns property in Prince George's County. Plaintiff is engaged in the business of purchasing tax lien certificates in Prince George's County, and has set forth further statements of material facts in the affidavit executed by its Principal Robert F. Haddad and attached hereto as **Exhibit 1**.

2. Defendant Prince George's County is a governmental actor.

3. Defendant, the Attorney General for the State of Maryland, is a governmental actor.

4. On May 13, 2019, Defendant Prince George's County Maryland held a Limited Auction pursuant to MD Tax Property § 14-817.

5. The participants in the Limited Auction are defined by MD Tax Property § 14-817(d)(3), and is limited to the following classes individuals:

> (i) employed in a public school located in Prince George's County;
> (ii) employed by the Prince George's County Police Department;
> (iii) employed by the Prince George's County Fire Department;
> (iv) employed by the Prince George's County Office of the Sheriff;
> (iv) employed by the Prince George's County Department of Corrections;
> (v) employed by the Prince George's County government in a position not included under item (i), (ii), (iii), (iv), or (v) of this paragraph;
> (vi) employed by the federal government;
> (vii) employed by a municipal government in Prince George's County;
> (ix) a veteran of any branch of the armed forces of the United States who has received an honorable discharge; or
> (x) a resident of Prince George's County.

6. Plaintiff Paradise Point, LLC would have participated in the limited Prince George's County tax-lien auction had it been allowed.

7. Plaintiff Paradise Point, LLC participated in the general Prince George's County tax lien auction.

8. Plaintiff Paradise Point, LLC owns real estate in Prince George's County.

**C. ARGUMENT**

    **i. Standard of Review of Motion for Summary Judgment**

Rule 12(d) provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." The question to be resolved in ruling on a motion for summary judgment is "whether a fair-minded jury could

return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A court considering a motion for summary judgment must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir.2008). If a motion for summary judgment is sufficiently supported, the nonmoving party must demonstrate that there are genuine issues of material fact. *Emmett*, 532 F.3d at 297. "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of his case." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks and citation omitted).

> ii. **The Limited Auction discriminates against non-residents of Prince George's County in violation of the Fourteenth Amendment to the United States Constitution, the Takings Clause of the Fifth Amendment, and Article 24 of the Maryland Declaration of Rights.**

The Privileges and Immunities Clause of Article IV of the United States Constitution provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens[1] in the several States." U.S. Const. art. IV, § 2, cl. 1. "The object of the Privileges and Immunities Clause is to 'strongly ... constitute the citizens of the United States [as] one people,' by 'plac[ing] the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned.'" *Lunding v. N.Y. Tax Appeals Tribunal*, 522 U.S. 287, 296, 118 S.Ct. 766, 139 L.Ed.2d 717 (1998) (*citing Paul v. Virginia*, 75 U.S. (8 Wall.) 168, 180, 19 L.Ed. 357 (1868)). The Clause thus "provides important

---

[1] For purposes of a privileges and immunities evaluation, the term 'resident' and 'citizen' are deemed to be interchangeable. *Supreme Court of N.H. v. Piper*, 470 U.S. 274, 279 n. 6, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985).

protections for nonresidents who enter a State," and while "[t]hose protections are not 'absolute,' ... the Clause 'does bar discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States.' " *Saenz v. Roe*, 526 U.S. 489, 502, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999) (citations omitted).

The Supreme Court enunciated a two-step test to determine whether there is a violation of the privileges and immunities protections. As stated in *Supreme Court of Va. v. Friedman*, 487 U.S. 59, 64, 108 S.Ct. 2260, 101 L.Ed.2d 56 (1988):

> First, the activity in question must be sufficiently basic to the livelihood of the Nation ... as to fall within the purview of the Privileges and Immunities Clause.... Second, if the challenged restriction deprives nonresidents of a protected privilege, [the court] will invalidate it only if [it] conclude[s] that the restriction is not closely related to the advancement of a substantial state interest.

The first step in this inquiry is to determine whether the activity in question is a right worthy of the protection of the privileges and immunities clause. In this matter, the activity is participation in the Limited Auction.

The Limited Auction statute precludes non-residents of Prince George's County from participating in a business opportunity based on that individual's residence[2]. The ability to pursue one's profession or "common calling" is one of the limited number of foundational rights protected under the privileges and immunities clause. *Toomer v. Witsell*, 334 U.S. 385, 396, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948); *see also United Bldg. & Constr. Trades Council v. Camden*,

---

[2] The instant statute is not immune from constitutional review merely because some in-state residents are similarly disadvantaged. Cf. *Zobel v. Williams,* 457 U.S. 55, 75, 102 S.Ct. 2309, 2320, 72 L.Ed.2d 672 (1982) (O'CONNOR, J., concurring).

465 U.S. 208, 219, 104 S.Ct. 1020, 79 L.Ed.2d 249 (1984) ("Certainly, the pursuit of a common calling is one of the most fundamental of those privileges protected by the Clause."). Indeed, "[m]any, if not most, of [the Supreme Court's] cases expounding the Privileges and Immunities Clause have dealt with this basic and essential activity." *Camden*, 465 U.S. at 219, 104 S.Ct. 1020.

Plaintiff Paradise Point, LLC was denied the opportunity to participate in the Limited Auction due to the facially discriminatory language of the Limited Auction statute prohibiting non-residents of Prince George's County from participating in the business opportunity. As specifically plead in the Complaint, Paradise Point, LLC sought to participate in the Limited Auction but was denied due to the fact that he did not meet the residency requirements of the Limited Auction statute. The residency requirements of the Limited Auction statute precluded Paradise Point, LLC from participating in a business opportunity.

### iii. Plaintiff stands to suffer as a property owner in Prince George's County.

Plaintiffs own real estate in Prince George's County. As set forth in its Amended Complaint: if a property owned by Plaintiff were sold in a limited tax-lien auction, the surplus amount which Plaintiff would recover would be diminished due to the fact that the bid amounts in the limited tax sale are dramatically lower.

### iv. Plaintiff satisfies the elements for injunctive and declaratory relief.

For a court to grant declaratory relief, the plaintiff must allege or "demonstrate actual present harm or a significant possibility of future harm." *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006). In *Clapper v. Amnesty Int'l USA*, the Supreme Court noted its longstanding

requirement "that threatened injury must be clearly impending to constitute injury in fact, and that allegations of possible future injury are not sufficient." 13 S. Ct. 1138, 1147.

The Plaintiff has suffered harm as a result of the unconstitutional Limited Auction statutes, and they will continue to suffer harm as long as it is enforced.  This instant matter is not a hypothetical exercise.  Plaintiff Paradise Point, LLC participated in the general Prince George's County tax-lien sale in 2019 and would have participated in the limited auction if it had been allowed to participate.

## CONCLUSION

Md. Code TP §14-817 (5)(d) ("the statute"), on its face and as applied, results in violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Takings Clause of the Fifth Amendment, and Article 24 of the Maryland Declaration of Rights as to which the Plaintiff has standing to complain. The statute represents a meritless classification that discriminates against classes of participants including non-residents of Prince George's County for non-legitimate State purposes.

There is no valid reason for the discriminatory treatment of non-residents of Prince George's County that results from enforcement of the statute. This Honorable Court should issue a declaratory judgment holding that the Limited Auction provisions of MD Tax-Property §§14-817 and 14-821 to be unconstitutional and further enjoining the Defendants from enforcing the same.

                                        Respectfully submitted,

                                        ___/s/ Lucas I. Dansie_____
                                        Lucas I. Dansie, Esq. #00543
                                        406 Fifth Street, NW
                                        Washington, DC 20001

(202) 783-1597  
Facsimile (202) 315-2513  
lucas@dansielaw.com  
*Attorneys for Plaintiff Paradise Point, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2020, a copy of the foregoing was served on the following parties by way of the Court e-filing.

Prince George's County, Maryland

Attorney General for the State of Maryland

_/s/ Lucas I. Dansie___  
Lucas I. Dansie, Esq.